IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY JAMES CONWAY<br>137 West Dream Home Way, Unit A<br>Leadville, CO  80461<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES AGENCY FOR<br>INTERNATIONAL DEVELOPMENT<br>Ronald Reagan Building<br>Washington, D.C., 20523<br><br>and,<br><br>UNITED STATES ARMY<br>101 Army Pentagon<br>Washington, D.C.  20310-0101<br><br>**Defendants.**<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case Number: 14-1792<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1. Plaintiff Gregory James Conway ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendants United States Agency for International Development ( "USAID") and the United States Army ("Army") in failing to provide Plaintiff with copies

of all non-exempt records responsive to his FOIA requests sent to both of these agencies, seeking records involving the work and 1967 homicide death of Marilyn L. Allan, a USAID surgical team nurse providing assistance to the United States troops in the Vietnam conflict, who was killed by Captain Larry Peters in Nhatrang, South Vietnam, on August 16, 1967.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Gregory James Conway, is an individual who, at all times relevant herein, has resided in Leadville, Colorado, which is located in Lake County, Colorado.

5. Defendant Bureau of Land Management is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIMS

<u>United States Agency for International Development FOIA Request</u>

13. On or about February 3, 2014, Plaintiff, by and through his attorney, Daniel J. Stotter, sent a FOIA request to the United States Agency for International Development's FOIA Office in Washington D.C., requesting all agency records pertaining to Marilyn L. Allan, a USAID surgical team nurse providing assistance to United States troops in the Vietnam conflict, who was killed on August 16, 1967, by Captain Larry Peters at the Roberts Compound, in Nhatrang, South Vietnam.

14. On or about February 4, 2014, Pamela A. Smith Government Information Specialist for the USAID's Bureau for Management, Office of Management Services, Information and Records Division, sent a response letter to Plaintiff's attorney Daniel J. Stotter, acknowledging the agency's receipt of Plaintiff's FOIA Request dated February 3, 2014, and further indicating that this FOIA request had been assigned an agency tracking number of F-00136-14.

15. On or about March 6, 2014, Alecia S. Sillah, Team Lead / Government Information Specialist for the USAID's Bureau for Management, Office of Management services, Information and Records Division, sent an email to Plaintiff's attorney Daniel J. Stotter, indicating that the agency's FOIA office was presuming that there was a

typographical error in Plaintiff's FOIA request, and was assuming that Ms. Allan's service time, referenced in Plaintiff's FOIA request, was actually 1965 to 1967, and not 1995 to 1967 as erroneously stated in Plaintiff's FOIA request, and that therefore, the USAID's FOIA search would be limited to the 1965 - 1967 time period.  This email also informed Plaintiff's counsel that all fees for this FOIA request would be waived by the agency, and that this FOIA request matter had been assigned to USAID Government Information Specialist Nakia Scott, and provided Plaintiff with Ms. Scott's direct contact information.

16.  On or about June 26, 2014, Plaintiff's attorney Daniel J. Stotter sent an email to USAID Government Information Specialist Nakia Scott, and to the USAID FOIA Office, requesting information as to the status of Plaintiff's February 3, 2014 FOIA request, and as to the anticipated date by which Plaintiff could expect to receive a final response and copies of the agency records which he had requested in this FOIA request.

17.  On or about July 2, 2014, Alecia S. Sillah, Team Lead / Government Information Specialist for the USAID's Bureau for Management, Office of Management Services, Information and Records Division, sent a letter, via email, to Plaintiff's attorney Daniel J. Stotter, providing a final agency response to Plaintiff's FOIA request dated February 3, 2014. This USAID response indicated that the agency had located no records responsive to Plaintiff's February 3, 2014 FOIA request, and further indicted that if Plaintiff was dissatisfied with this agency response, he could file an administrative appeal to the Director of the USAID's Office of Management Services within 30 days of the

agency's July 2, 2104 decision.

18.  On or about July 30, 2014, Plaintiff, by and through his attorney, Daniel J. Stotter, sent a FOIA administrative appeal to the Director of the USAID's Office of Management Services, appealing the agency's July 2, 2014 decision and response to Plaintiff's February 3, 2014 FOIA request.

19.  On or about September 24, 2014 Luis F. Garcia, FOIA Appeals Office and Acting Director for the USAID's Bureau for Management, Office of Management Services, issued a final decision on Plaintiffs's July 3, 2014 administrative appeal, sustaining the agency's no records response provided in the agency's July 2, 2014 letter to Plaintiff for his FOIA request dated February 3, 2014, and advising Plaintiff that if was dissatisfied with this agency decision, that he was entitled to seek judicial review of this decision in the appropriate United States District Court.

### United States Army Crime Records Center FOIA Request

20.  On or about January 16, 2014, Plaintiff, by and through his attorney Daniel J. Stotter, sent a FOIA request to the United States Army Crime Records Center, seeking agency records involving the August 16, 1967 homicide death of a former USAID surgical team nurse, identified as Marilyn L. Allan, who was killed by Captain Larry Peters at the Roberts Compound, in Nhatrang, South Vietnam, on August 16, 1967, and the related suicide death of Captain Peters associated with this incident, including any U.S. Army records of any investigations or reports of this incident.

21.  On or about January 21, 2014, Plaintiff, by and through his attorney Daniel J. Stotter, sent a follow-up letter to the United States Army Crime Records Center to indicate that there were two typographical errors in Plaintiff's FOIA request of January 16, 2014 referenced in the paragraph above, noting that (1) the actual date of this FOIA request was January 16, **2014**, and not 2013, and (2) that Mr. Conway was interested in these records for writing a **biography** on the life achievements of Ms. Allan, and not an "autobiography" as erroneously stated in the initial FOIA request

22.  On or about February 18, 2014, Susan Cugler, the director of the U.S. Army's Crime Records Center, sent a response to Plaintiff's counsel Daniel Stotter, regarding Plaintiff's February 16, 2014 FOIA request, which was identified by the agency as FOIA request number FA14-1205, indicating that the agency had located no responsive records to this FOIA request, and that Plaintiff had the right to file an administrative appeal of this decision if he was dissatisfied with this agency decision..

23.  On or about March 18, 2014, Plaintiff, by and through his counsel Daniel J. Stotter, submitted an administrative appeal to the United States Army Crime Records FOIA Appeal Officer, appealing the February 14, 2014 decision of the U.S. Army Crime Records Center to Plaintiff's January 16, 2014 FOIA request..

24.  On or about April 17, 2014, Angela Jenkins, paralegal specialist for the U.S. Army Office of the Army General Counsel, sent a letter to Plaintiff's attorney, Daniel J. Stotter, acknowledging the Office of the Army General Counsel's receipt of Plaintiff's

FOIA administrative appeal.

25. On or about April 24, 2014, Ronald J. Buchholz, Associate Deputy General Counsel for the U.S. Army's Office of General Counsel, sent a letter to Plaintiff's attorney, Daniel J. Stotter, affirming the U.S. Army Crime Records Center's February 14, 2014 decision, and indicating that this response letter to Plaintiff's appeal was the final agency response o Plaintiff's FOIA request, and advising Plaintiff that if he was dissatisfied with this final agency decision, he was entitled to seek judicial review of this decision.

26. On or about June 27, 2014, Plaintiff, by and through his attorney Daniel J. Stotter, sent a letter to the Department of the Army's Office of the General Counsel, requesting reconsideration of the agency's April 24, 2014 FOIA Appeal decision.

## VII. CLAIMS FOR RELIEF

### First Claim: USAID FOIA Violations

27. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 19 previously set forth herein.

28. Defendant USAID has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his February 3, 2014 FOIA request, and by failing to failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

29. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 28 herein, and failing to perform an adequate search for responsive records for that FOIA request, Defendant USAID has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

30. Unless enjoined by this Court, Defendant USAID will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 28 above.

31. Plaintiff is directly and adversely affected and aggrieved by Defendant USAID's failure to provide all responsive records to his FOIA request described above.

32. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

33. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E)..

## 2. Second Claim: U.S. Army FOIA Violations

34. Plaintiff realleges, as if fully set forth herein, paragraphs 1-12 and paragraphs 20-26 previously set forth herein.

35. Defendant U.S. Army has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his January 16, 2014 FOIA request, and by failing to failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

36. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 35 herein, and failing to perform an adequate search for responsive records to that FOIA request, Defendant U.S. Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

37. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA request described in paragraph 35 herein, and failing to perform an adequate search for responsive records for this FOIA request, Defendant U.S. Army has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

38. Unless enjoined by this Court, Defendant U.S. Army will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 35 above.

39. Plaintiff is directly and adversely affected and aggrieved by Defendant U.S. Army's failure to provide all responsive records to his FOIA request described above.

40. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

41. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare that Defendant USAID has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his February 3, 2014 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

2. Direct by injunction that Defendant USAID provide Plaintiff with all non-exempt responsive records to Plaintiff's February 3, 2014 FOIA request.

3. Declare that Defendant U.S. Army has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his January 16, 2014 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

4. Direct by injunction that Defendant U.S. Army provide Plaintiff with all non-exempt responsive records to Plaintiff's January 16, 2014 FOIA request.

5. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

6. Provide such other relief as the Court deems just and proper.

DATED: This 25th day of October, 2014.

Respectfully submitted,

/S/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**